UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

JACQUELINE ROSA,
    Plaintiff

v.

DELTA MANAGEMENT ASSOCIATES, INC.,
    Defendant

Civil Action No. 07-30156-MAP

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

In this action, plaintiff contends that defendant collection agency violated the FDCPA and c. 93A by making a number of unfair, threatening, and misleading comments to her in connection with attempting to collect an alleged student loan. In addition,

plaintiff asserts that defendant violated the FDCPA by misrepresenting the character and amount of the alleged debt in a written communication.

## Parties

1. Plaintiff is an individual who resides in Springfield, Hampden County, Massachusetts.

2. Defendant Delta Management Associates, Inc. ("Delta") is a business corporation organized under the laws of the Commonwealth of Massachusetts and having a principal place of business in Chelsea, Suffolk County, Massachusetts. At all times relevant to this complaint, defendant was engaged in trade or commerce in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

3. Certain of plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

4. On or about April 19, 2007, an employee of defendant called plaintiff at work, stating he was calling from a federal bureau and was attempting to collect a student loan debt. Plaintiff immediately asked how the caller had obtained her work number. The employee responded that he got it from her federal tax returns. Plaintiff attempted to obtain information from the caller about the alleged debt, but he would not let her speak, so she asked to be connected to a supervisor. A woman got on the phone and told plaintiff that if she was unable to pay in full right away an administrative form would be sent to

plaintiff's human resources department to garnish 15% of her paycheck. Plaintiff replied that she couldn't keep discussing the matter at work, and that the woman should call her at 4:30 that afternoon. Defendant's employee did not call, so plaintiff instead tried calling her. After being placed on hold for a substantial period of time, plaintiff was finally connected to the employee. Defendant's employee stated that if plaintiff couldn't pay in full immediately she was going to terminate the phone call because the issue could not be resolved. Plaintiff asked to be sent the paperwork regarding the alleged debt, but the employee responded that it had already been mailed and she should have received it, but that it was irrelevant if she did not receive it because the matter had to be resolved immediately. Plaintiff repeatedly asked her if she had any other options, and was told she did not. Plaintiff asked to speak to another supervisor, but was not allowed to.

5. Subsequently, plaintiff received an invoice from defendant dated May 3, 2007, which set forth an alleged "total due" of $10,351.68. On information and belief, this amount included undisclosed amounts for collection fees and costs.

6. On May 9, 2007, plaintiff – through counsel – sent Delta via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the conduct complained of and injuries suffered. Delta duly received said demand.

7. By letter dated June 11, 2007, Delta responded to plaintiff's demand, but said response did not contain a reasonable tender of settlement. Delta's failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

## Claims for Relief - FDCPA

### COUNT I

8. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

9. Neither in the initial communication to plaintiff nor within 5 days thereafter did defendant provide the notice required by 15 U.S.C. §1692g(a).

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding statutory damages, costs and reasonable attorney's fees.

### COUNT II

10. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

11. In the initial communication with plaintiff, defendant did not disclose it was attempting to collect a debt and that any information obtained would be used for that purpose.

12. In subsequent communications with plaintiff, defendant did not identify itself as a debt collector.

13. Defendant's conduct as aforesaid violated 15 U.S.C. §1692e(11)..

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her statutory damages, costs, and reasonable attorney's fees.

### COUNT III

14. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

15. The statement that defendant's call was from a "federal bureau" was false, deceptive and misleading in violation of 15 U.S.C. §1692e

16. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages; statutory damages; interest, costs and reasonable attorney's fees.

### COUNT IV

16. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

17. The statement that defendant had obtained plaintiff's work telephone number from her tax returns was false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

18. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees

### COUNT V

19. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

20. Defendant's statement that plaintiff's wages could be garnished simply by sending a form to her employer was false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

21. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages, statutory damages, interest, costs, and attorney's fees.

### COUNT VI

22. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

23. Defendant's threat to garnish plaintiff's wages was made without any present intention of doing so, in violation of 15 U.S.C. §1692e(4).

24. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

5

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees

### COUNT VII

25. The allegations of paragraphs 1 -7 are incorporated herein as if fully set forth.

26. The balance set forth in the statement from defendant dated May 3, 2007 contained undisclosed collection fees and/or costs in violation of 15 U.S.C. §1692e.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her statutory damages, costs, and attorney's fees.

### Claims for Relief – G.L. c. 93A

### COUNT VIII

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Neither in the initial communication to plaintiff nor within 5 days thereafter did defendant provide the notice required by 15 U.S.C. 1692g(a) and 209 CMR 18.18(1), thus violating G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding statutory damages, costs and reasonable attorney's fees.

### COUNT IX

29. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

30. In the initial communication with plaintiff, defendant did not disclose it was attempting to collect a debt and that any information obtained would be used for that purpose.

31. In subsequent communications with plaintiff, defendant did not identify itself as a debt collector.

32. Defendant's conduct as aforesaid violated 15 U.S.C. 1692e(11), 209 CMR 18.16(11), and G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her statutory damages, costs, and reasonable attorney's fees.

### COUNT X

33. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

34. The statement that defendant's call was from a "federal bureau" was false, deceptive and misleading in violation of 15 U.S.C. §1692e, 209 CMR 18.16, and G.L. c. 93A.

35. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages or statutory damages, whichever is greater; doubling or trebling actual damages awarded; interest, costs and reasonable attorney's fees.

### COUNT XI

36. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

37. The statement that defendant had obtained plaintiff's work telephone number from her tax returns was false, deceptive, and misleading in violation of 15 U.S.C. §1692e, 209 CMR 18.16, and G.L. c. 93A.

38. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages or statutory damages, whichever is greater; doubling or trebling actual damages awarded; interest, costs, and reasonable attorney's fees

## COUNT XI

39. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

40. Defendant's statement that plaintiff's wages could be garnished simply by sending a form to her employer was false, deceptive, and misleading in violation of 15 U.S.C. §1692e, 209 CMR 18.16, and G.L. c. 93A.

41. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages or statutory damages, whichever is greater; interest, costs, and attorney's fees.

## COUNT XII

42. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

43. Defendant's threat to garnish plaintiff's wages was made without any present intention of doing so, in violation of 15 U.S.C. §1692e(4), 209 CMR 18.16(4), and G.L. c. 93A.

44. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment awarding her actual damages or statutory damages, whichever is greater; doubling or trebling actual damages awarded interest, costs, and reasonable attorney's fees

.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests trial by jury on all claims.

JACQUELINE ROSA
Plaintiff
By her attorney:

_____
KENNETH D. QUAT
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com